Louis GOMEZ, Plaintiff–Appellant,

v.

USAA FEDERAL SAVINGS BANK and Janette Adger Mills, Defendants–Appellees.

Docket No. 97–9381

United States Court of Appeals, Second Circuit.

Argued March 17, 1999.

Decided March 30, 1999.

Jeffrey S. Burman, Esq., (Arthur S. Linker, Esq., on the brief), Rosenman & Colin LLP, New York, New York, for Plaintiff–Appellant.

Evan K. Kornrich, Esq., Fulbright & Jaworski LLP, New York, New York, for Defendants–Appellees.

Before: WALKER, CABRANES, Circuit Judges, and TSOUCALAS, Judge.[*]

PER CURIAM:

Plaintiff-appellant Louis Gomez appeals from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Chief Judge*), dated September 17, 1997, which dismissed his *pro se, in forma pauperis* complaint *sua sponte* without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Gomez's complaint identified defendant's address as 10750 McDermott Freeway, San Antonio, TX 78288 and stated in its entirety:

Plaintiff had attempted to open an account at Defendant's institution, the bank. On April 25, 1996, Defendant violated Plaintiff's Federal Civil Rights by prompting an investigation by the United States Secret Service ("USSS") for an alleged criminal act by plaintiff. This criminal act never occurred and was unfounded by the USSS.

By prompting this investigation, Defendant committed acts of liable [sic] and slander, they not only violated Federal Tort Laws, but caused injury and a great deal of mental anguish and emotional distress to the Plaintiff. I believe that they acted with malice and willful

intent. Therefore, I want to bring charges against the Defendant.

Plaintiff is seeking relief in the form of $76,000.

The district court interpreted the complaint as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), permitting a suit for deprivation of a constitutional right against a federal governmental actor, but concluded that the complaint failed to state a claim because it did not allege facts showing that the defendants acted under color of federal law to deprive plaintiff of a constitutional right. The district court further noted that "[a]s for plaintiff's conclusory allegations of libel and slander under this Court's diversity jurisdiction, ... this United States District Court is not the appropriate venue for this action." The court refused to transfer the matter to the appropriate district court "because plaintiff has failed to detail these allegations sufficiently to suggest a cognizable claim." The district court then dismissed the complaint "because it 'lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (discussing when complaint is frivolous)).

■ While we believe that the record, insofar as it has been developed, is insufficient to support the district court's dismissal of the complaint as "frivolous or malicious" under § 1915(e)(2)(B)(i), the complaint nevertheless "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly dismissal of the case would normally be proper. However, "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d

[*] The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

Cir.1991). Although the language of § 1915 is mandatory, stating that "the court shall dismiss the case" in the enumerated circumstances, we conclude that a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim. Because the district court did not give this *pro se* litigant an opportunity to amend his complaint, and because we cannot rule out the possibility that such an amendment will result in a claim being successfully pleaded, we vacate the judgment and instruct the district court to permit the plaintiff to amend the complaint and then determine whether he has successfully pled a cause of action.

A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances. *See Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369, 371 (2d Cir.1966); *see also Stich v. Rehnquist,* 982 F.2d 88, 88–89 (2d Cir. 1992) (per curiam). This case does not present any such extraordinary circumstances, and therefore the libel action was wrongly dismissed *sua sponte* on the basis of improper venue.

For the reasons stated above, the district court's judgment is vacated and the case remanded for further proceedings consistent with this opinion.