**Allen MOORE, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, Commissioner, D.O.C.S., John P. Keane, Superintendent, D.O.C.S., Charles Greiner, Deputy Superintendent, D.O.C.S., Dewight Jones, Corrections Officer, F. Reda, Corrections Officer, Defendants–Appellees.**

**No. 00–0004.**

United States Court of Appeals, Second Circuit.

March 23, 2001.

Allen Moore, Great Meadow Correctional Facility, Comstock, NY, pro se.

Michael S. Belohlavek, Deputy Solicitor General, New York, NY, for appellee.

Present CARDAMONE, LEVAL, Circuit Judges, AMON,* District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the District Court be and it hereby is VACATED IN PART and REMANDED.

Plaintiff Allen Moore appeals from the *sua sponte* dismissal of his complaint seeking damages under 42 U.S.C. § 1983. The complaint, filed *in forma pauperis*, alleges that guards and officials exhibited deliberate indifference to his safety, in violation of the Eighth and Fourteenth Amendments, by failing to protect him from an assault by other inmates when he was a prisoner at Sing Sing Correctional Facility. Moore was not removed from the general prison population until eleven days after the assault.

We affirm the district court's dismissal of the complaint as to supervisory employees Goord, Keane, and Greiner, because the plaintiff did not allege their personal involvement in the incident.

As to the two prison guards, Jones and Reda, however, we vacate the district court's dismissal to permit Moore the opportunity to replead. The district court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that the plaintiff failed to set forth sufficient allegations of the guards' deliberate indifference to his safety. In our view, the circumstances of the assault and the eleven-day delay in thereafter removing Moore to protective custody permit Moore to plead that Jones and Reda acted with deliberate indifference to his safety. *See Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir.1999) ("[A] *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim .").

* Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

**4**

Accordingly, we vacate the district court's decision in part and remand to allow the plaintiff to replead with respect to Jones and Reda.