Joanna CIESZKOWSKA,
Plaintiff–Appellant,

v.

GRAY LINE NEW YORK,
Defendant–Appellee.

Docket No. 00–9245.

United States Court of Appeals,
Second Circuit.

March 22, 2002.

Joanna Cieszkowska, Pro Se, New York, NY, for Appellant.

Diane Windholz, (Elizabeth Cowit, on brief), Jackson, Lewis, Schnitzler, & Krupman, New York, NY, for Appellee.

Present Honorable CARDAMONE, Honorable F.I. PARKER and Honorable B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the district court's order of dismissal be and it hereby is AFFIRMED.

Joanna Cieszkowska, pro se, appeals from the Southern District of New York's (Mukasey, *Judge*) sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(2) of her complaint against her former employer.

Even viewing the appellant's claims liberally, as this Court must, Cieszkowska failed to state a claim upon which relief could be granted. *See Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir.1991)(per curiam). We therefore affirm the district court's dismissal for substantially the reasons stated below. The Court recognizes that in some cases, a pro se plaintiff proceeding in forma pauperis may be entitled to an opportunity to amend the complaint before § 1915(e)(2) dismissal is ordered. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir.1999)(per curiam). In this case, however, the Court finds that, as the district court appears to have concluded, there was no possibility that an amended complaint would properly state a claim. *Id.* The Court, therefore, finds no error in the district court's failure to allow Cieszkowska the opportunity to amend before the dismissal.

Finally, this Court denies Gray Line's sanctions request and orders the parties to bear their own costs. *See* Fed. R.App. P. 39(a).

For the reasons set forth above, the district court's dismissal of Cieszkowska's complaint is AFFIRMED.