**Pablo GIL, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Leonel Fernandez, President, of the Dominican Republic, Secretary of State and Relations, National Direction of Control and Drugs, Embassy of the United States in the Dominican Republic, Defendants–Appellees.**

**Docket No. 01–0156.**

United States Court of Appeals, Second Circuit.

April 17, 2002.

Pablo Gil, pro se, Beacon, NY, for Appellant.

Sarah E. Light, Assistant United States Attorney, James B. Comey, United States Attorney for the Southern District of New York, Gideon A. Schor, Assistant United States Attorney, New York, NY, for U.S. Embassy.

Present JOHN M. WALKER, JR., Chief Judge, JON O. NEWMAN, KEARSE, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Pablo Gil appeals from the April 9, 2001 judgment of the district court dismissing *sua sponte* his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim on which relief can be granted.

In his complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), Gil sought damages under 42 U.S.C. § 1983 on the basis that (1) the City of New York and the Dominican Republic violated the extradition treaty between the United States and the Dominican Republic and denied Gil his constitutional right to due process by not affording him an extradition hearing, and (2) the City of New York violated Gil's privacy right by illegally wiretapping him in the course of obtaining an indictment against him on state drug charges. Gil made no allegations against defendant-appellee the United States Embassy in the Dominican Republic. Construing Gil's complaint as asserting claims of false arrest and wrongful prosecution, the district

**616**

court dismissed the complaint because Gil, who is presently incarcerated, failed to allege that he was not convicted for the offense for which he was arrested, as he was required to do under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

On appeal, Gil claims that the district court erred by dismissing his complaint *sua sponte* without granting him leave to withdraw and amend his complaint. Reviewing *de novo* the district court's *sua sponte* dismissal made pursuant to § 1915(e), we agree with the district court that Gil has failed to state a claim on which relief can be granted, and find that the district court properly dismissed his complaint without granting leave to amend.

To recover damages for claims that, if true, would undermine the validity of the plaintiff's sentence or conviction, the plaintiff must show that the sentence or conviction in question has been reversed or otherwise called into question. *Id.* at 486–487, 114 S.Ct. 2364. In both his complaint and on appeal, Gil questions the legality of his conviction by framing his claims as challenges to the validity of his arrest and extradition. Because Gil has not indicated that his conviction has in some way been invalidated or called into question—Gil is in fact currently incarcerated—he has no cognizable § 1983 action. *See id.* Given that any amendment of his complaint would be futile, the district court did not err in dismissing Gil's complaint without granting him leave to amend. *See Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir.1999) (per curiam).

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.