**Gene GIDRON, Plaintiff–Appellant,**

v.

**Richard John CALLE, Esq.,
Defendant–Appellee.**

**Docket No. 01–7719.**

United States Court of Appeals,
Second Circuit.

May 28, 2002.

Gene Gidron, (pro se), East Elmhurst, NY, for Appellant.

Richard John Calle, Astoria, NY, for Appellee.

Present WALKER, Chief Judge,
JACOBS and LEVAL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Gene Gidron appeals from the judgment of the district court denying his application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissing without prejudice his complaint, which the district court construed to assert a claim under 42 U.S.C. § 1983, against defendant-appellee, Richard John Calle. The district court denied the motion and dismissed Gidron's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding that it failed to state a claim on which relief could be granted.

Gidron, who is currently incarcerated, brought this § 1983 action seeking damages incurred as a result of the alleged ineffective assistance of his trial counsel at his state criminal trial. According to Gidron, Calle's representation was ineffective because he (1) incorrectly stated in an omnibus motion that Gidron had been indicted on multiple counts of second degree murder, when Gidron had in fact been charged with criminal possession of a controlled substance; and (2) withdrew as counsel on the date of Gidron's appearance in court. On appeal, Gidron asserts a claim, which we construe as a § 1983 ac-

tion, of ineffective assistance of counsel arising out of his trial counsel's incorrect statement of the charges.

Reviewing *de novo* the district court's dismissal pursuant to § 1915(e)(2)(B)(ii), *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001), we affirm. To state a cognizable claim under § 1983, a plaintiff must assert that the defendant deprived him of a right guaranteed under the constitution or the laws of United States while the defendant was acting under the color of state law. *See Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir.1995). Here, Gidron has failed to state a cognizable § 1983 claim because he has not alleged, nor does it appear to be the case, that his privately retained attorney was a state actor or was acting in concert with other state actors. *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Moreover, even if we were to construe Gidron's complaint as asserting a state law tort claim, jurisdiction would be lacking because the parties are not diverse. Because Gidron could prove no set of facts to support his claim, the district court properly dismissed his complaint. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir.1999) (per curiam).

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.