**Willie Lee TUCKER, Plaintiff–Appellant,**

v.

**BOWERY RESIDENTS' COMMITTEE ("BRC"), Defendant–Appellee.**

No. 99–9364.

United States Court of Appeals, Second Circuit.

April 22, 2004.

---

Michael G. Radigan, Freehold, N.J., for Plaintiff–Appellant.

Marjorie Kaye, Jr., Jackson Lewis LLP, New York, N.Y. (Felice B. Ekelman, on the brief), for Defendant–Appellee.

Present: LEVAL, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **VACATED** and **REMANDED.**

In 1999, plaintiff-appellant Willie Lee Tucker, acting *pro se*, brought this race and disability discrimination complaint against defendant-appellant Bowery Residents' Committee ("BRC"), a non-profit homeless services organization. Tucker, who asserts that he is disabled by chronic schizophrenia, has filed several *pro se* actions in the last few years. In the instant case, the district court (Griesa, *J.*) dismissed the complaint *sua sponte*, construing it as an employment-based claim and finding that it failed to allege an employment relationship. A panel of this court denied a motion to dismiss the appeal, appointed counsel, and asked the parties to address the question of whether Tucker should have been given an opportunity to amend his complaint to make out a claim of discrimination in a public accommodation.

After reviewing the parties' submissions, we find that we need not consider whether Tucker's original complaint, read broadly, states a cause of action either under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, or Title III of the Americans with Disabilities Act, 42 U.S.C. § 12102 *et seq.*, because it is clear that

* The Honorable Jed S. Rakoff, U.S. District Judge for the Southern District of New York, sitting by designation.

relatively minor amendments to the complaint could make claims that would not be frivolous under these acts. There are serious issues of law and fact as to whether a valid claim could ultimately be made out in this case, but where that is so, dismissal of a *pro se* complaint without giving the plaintiff a chance to replead is inappropriate. *See Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) (per curiam) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated.") (internal quotation marks omitted). In addition, we have often counseled against dismissing an action without giving the plaintiff notice and an opportunity to be heard. *See, e.g., Giano v. Goord,* 250 F.3d 146, 151 (2d Cir.2001); *Snider v. Melindez,* 199 F.3d 108, 112–13 (2d Cir.1999).

On appeal, the defendant makes much of the fact that the plaintiff is a frequent filer. And we can certainly understand the frustration of a district court, with its busy docket, in a case such as this. Nevertheless, it can be no argument—contrary to the insinuations of the defendant—that, because a plaintiff has brought several other complaints, *this* complaint can have no merit. We VACATE and REMAND so that an opportunity may be given to the plaintiff, who should continue to be afforded the opportunity of counsel, to amend his complaint.