**Osvaldo SOLIS, Plaintiff–Appellant,**

**v.**

**Dennis BRESLIN, Deputy Supt./Programs, Valerie Sullivan, Dep. of Programs, Martin Arum, Director, education, Defendants–Appellees.**

No. 01–180.

United States Court of Appeals, Second Circuit.

Aug. 27, 2004.

Charles D. Cole, Jr., New York, NY, for Plaintiff–Appellant.

Patrick J. Walsh, New York, NY, for Defendants–Appellees.

Present: WALKER, Jr., Chief Judge, POOLER, Circuit Judge, and MURTHA,[1] District Judge.

## AMENDED SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Solis appeals from the June 13, 2001 judgment of the United States District Court for the Eastern District of New York (Korman, Judge) which dismissed his amended *pro se* complaint pursuant to the *in forma pauperis* provisions of the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (directing *sua sponte* dismissal of prisoner action if the court finds that the complaint "fails to state a claim upon which relief may be granted").

At the time he filed his original *pro se* complaint, on March 10, 2000, Solis was an inmate at the Arthur Kill Correctional Facility, administered by the New York State Department of Correctional Services. The defendants—Dennis Breslin, Valerie Sullivan, and Martin Arum—are identified in the complaint as officials at Arthur Kill. The complaint alleges that in 1999 Solis had enrolled in the "Human Services Program," which is apparently an educational program maintained at Arthur Kill, and that the defendants "discharged [Solis] from the course with no written justification nor reasons give [sic]." The complaint asserts claims under the First, Fifth, Eighth, and Fourteenth Amendments.

In an affidavit filed in response to the defendants' motion to dismiss the original complaint, Solis provides some additional factual detail regarding his claims. It appears that the course in which he enrolled required him to compose certain essays, and to submit them for grading to a fellow inmate designated as "the inmate coordinator." Solis alleges that after he submitted his essays to the inmate coordinator, this individual "informed Plaintiff that he did not approve of the content of said [essays], and he rejected them."

The district court dismissed the original complaint pursuant to FRCP 12(b)(6). On appeal, this Court issued an order, dated April 5, 2001, in which Solis's request for assignment of counsel was denied because he "ha[d] not shown that his appeal has likely merit insofar as it concerns claims reviewed by the district court." The Court remanded the action, however, in order "to allow appellant to replead his complaint so as to include all facts relevant to his potential First Amendment claim grounded in content-based restrictions. Appellant should be instructed to explain in his amended complaint how each named defendant bears direct responsibility for the alleged constitutional violation."

In his amended *pro se* complaint, filed June 5, 2001, Solis essentially restates the allegations of the original complaint. He makes no allegation regarding any specific act performed by any of the defendants, except to state without elaboration that they "caused plaintiff to be discharged from the course [in which he was enrolled] with no justification nor reasons given." Further, there is no allegation in the amended complaint regarding the content

---

1. The Honorable J. Garvan Murtha, of the United States District Court of Vermont, sitting by designation.

of the essays Solis composed for the course in which he had enrolled.

In an order filed June 13, 2001, the district court *sua sponte* dismissed the amended complaint pursuant to the *in forma pauperis* provisions of the PLRA. The district court held that the amended complaint "does not describe the content of [the] essays nor does [it] allege that [Solis] was punished by prison officials for any belief espoused in his essays.... [Solis] has not alleged any facts which would support a First Amendment content-based restriction claim against a prison official."

*Sua sponte* dismissal of a complaint under the PLRA is reviewed *de novo*. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004). As a general matter, the sufficiency of a complaint filed in federal court is governed by Rule 8 · of the Federal Rules of Civil Procedure. In particular, Rule 8(a)(2) provides that a complaint must set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." Given this "simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

Consistent with Rule 8, we will reverse a *sua sponte* dismissal of a complaint under the PLRA "whenever a liberal reading of the complaint gives any indication that a valid claim might be stated." *McEachin*, 357 F.3d at 200 (citation and quotation marks omitted). Even under this lenient standard, we find that Solis's claim was correctly dismissed by the district court. Solis has now been "afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal

for failure to state a claim." *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir.1999). Yet, in spite of the specific direction of this Court contained in its prior order, Solis has not alleged the occurrence of any specific acts which "give [the defendants] fair notice of what [his First Amendment claim is] and the grounds upon which they rest." *Swierkiewicz*, 534 U.S. at 514.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.