**Joel MURRAY, Plaintiff–Appellant,**

v.

**NEW YORK CITY & L. Sassok, New York City Police Commissioner, Defendants–Appellees.**

**No. 02–0194, 02–0197.**

United States Court of Appeals, Second Circuit.

Sept. 13, 2004.

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District

of New York, sitting by designation.

Joel Murray, Malone, NY, for Plaintiff–Appellant, pro se.

Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendant–Appellee.

Present: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and **REMANDED** for further proceedings.

Plaintiff–Appellant Joel Murray, a state prisoner, appeals *pro se, in forma pauperis,* from dismissal of his claims in the United States District Court for the Southern District of New York (Mukasey, *C.J.*).

The district court dismissed *sua sponte* Murray's claims under 42 U.S.C. § 1983 as failing to state claims on which relief can be granted. On appeal, Murray does not challenge dismissal of his claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution, which he concedes were "properly dismissed" under *Heck v. Humphrey,* 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a plaintiff requesting relief under § 1983 had no cause of action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"). Murray's chief argument on appeal is that the district court's dismissal order failed to address his claim that Defendant L. Sassok, a New York City police officer, used excessive force when she arrested Murray during a so-called buy and bust operation.

The facts alleged in Murray's complaint do not appear to rise to a claim of excessive force against Officer Sassok; however, it is possible, if unlikely, that Murray could amend his claim to assert a colorable claim of excessive force. *See Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) (per curiam) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks and citations omitted). We therefore vacate and remand for further proceedings to give Murray the opportunity to amend this portion of his complaint.

We have examined the other claims raised by Murray on appeal and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby VACATED and the matter is REMANDED for further proceedings in accordance with this order.