**Tyrone P. GRANT, Plaintiff–Appellant,**

v.

**CITY OF NEW HAVEN,**
**Defendant–Appellee.**

No. 03–7950–CV.

United States Court of Appeals,
Second Circuit.

Oct. 28, 2004.

Tyrone P. Grant, New Haven, CT, for Appellant, pro se.

Rene Gerard Martineau, Del Sole & Del Sole, L.L.P., Wallingford, CT, for Appellee.

PRESENT: McLAUGHLIN, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Appellant Tyrone P. Grant, pro se, appeals from the judgment of the United States District Court for the District of Connecticut (Underhill, J.), dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e), on the grounds of res judicata and the *Rooker–Feldman* doctrine. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

■ We resolve this case by concluding that the district court correctly held that it lacked subject matter jurisdiction to adjudicate Grant's action pursuant to the *Rooker–Feldman* doctrine. See *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995) (affirming district court's dismissal of claim based on alternative ground). The *Rooker–Feldman* doctrine bars not only claims that involve direct review of a state court decision, but also claims that are "inextricably intertwined" with a state court decision. *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir.1996). This Court has held that a "federal claim is inextricably intertwined with the state-court judgment

if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Hachamovitch v. DeBuono*, 159 F.3d 687, 694 (2d Cir.1998) (citation and internal quotations omitted). Here, an independent review of the record reveals that Grant's complaint effectively sought review of the July 28, 1998 decision by the Connecticut Superior Court. Grant takes issue with the state court's rulings, such as the holding that Progressive's insurance policy was not inconsistent with § 29–109(b) of the New Haven City Ordinances or the holding that there was not a special relationship between the police chief and Grant giving rise to a continuing duty to Grant. To the extent that Grant alleged a violation of the Equal Protection Clause, Grant cannot seek reversal of the state court judgment simply by recasting his complaint in the form of a civil rights complaint. The *Rooker–Feldman* doctrine bars a district court from hearing challenges to state court decisions even where "those challenges allege that the state court's action was unconstitutional." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). See also *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Furthermore, Grant's additional arguments on appeal are without merit and do not bear on the ultimate issue of whether the district court has jurisdiction to adjudicate Grant's action pursuant to the *Rooker–Feldman* doctrine.

■ Although a *pro se* plaintiff should generally be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim, a district court need not grant leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed. See *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir.

1999). Here, the district court did not err in failing to grant leave to amend, because a liberal reading of the complaint fails to indicate any possibility that Grant states a colorable claim with "an arguable basis in law or in fact" to save jurisdiction.

Accordingly, the judgment of the district court is hereby AFFIRMED.