**Daniel FIAMENGO, Plaintiff–Appellant,**

**v.**

**Michael WADSWORTH, Dorene M. Grenier, Great American Insurance Company, Marshall Berger, Stephen J. Duffy, Michael Donahue, Defendants–Appellees.**

No. 04–4362.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Daniel Fiamengo, MacDougall, Correctional Institution, Suffield, CT, for the Appellant, pro se.

Jan C. Trendowski, Trendowski Law Offices, Centerbrook, CT, for Defendant–Appellee Great American Insurance Company.

Andrew H. Sharp, Levine & Sharp, Hartford, CT, for Defendant–Appellee Michael Wadsworth.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Daniel Fiamengo appeals from a judgment of the district court dismissing his complaint, brought pursuant to 42 U.S.C. § 1983, arising out of a 1995 motor vehicle accident involving Fiamengo and defendant Michael Wadsworth, who was insured by defendant Great American Insurance Co. ("GAIC"). The complaint alleges *inter alia* that the defendants—including Fiamengo's former attorney, Stephen Duffy—conspired to defraud Fiamengo out of compensation for personal injuries he purportedly sustained in the accident by agreeing not to settle Fiamengo's state court personal injury suit against defendant Wadsworth. The Hon. Marshall Berger, a Connecticut Superior Court judge, issued a judgment of nonsuit against Fiamengo in that case and is also named as a defendant in this one.

The district court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) for failure to state a claim on which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief. *Fiamengo v. Wadsworth*, No. 3:03 CV 569 SRU, 2004 WL 1638235, at *4 (D.Conn. July 13, 2004). The court found that Berger was protected by absolute judicial immunity, *id.* at *3, that Fiamengo had failed to "state that the actions of any defendant occurred as a result of a state-created right or rule of conduct or allege any facts that would suggest that the ac-

tions were even remotely attributable to the state or any state actor," *id.*, and that, in any event, Fiamengo had failed properly to invoke the court's jurisdiction because all of the parties were citizens of Connecticut and because Fiamengo sought damages of $20,000, neither of which was sufficient to confer diversity jurisdiction, *id.* at *4.

On appeal, Fiamengo essentially reiterates his arguments before the district court that the defendants conspired to defraud him out of compensation for his personal injuries by not settling his state-court case and that the state court improperly granted the defendants' motion for nonsuit in that case. Reviewing the district court's dismissal *de novo*, *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001), we affirm for substantially the reasons stated in its Ruling and Order.

Although a court should ordinarily afford a *pro se* plaintiff the opportunity to amend his or her complaint before dismissing it for failure to state a claim, this courtesy is not required if amending the complaint would be futile, as is the case here. *See Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794, 795–96 (2d Cir.1999).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.