Louisa A. SMITH, Plaintiff-appellant,

v.

NEW YORK PRESBYTERIAN HOSPITAL, a/k/a New York–Columbia Presbyterian Hospital, The Cornell–Weill Medical Center, and (in their repre-

sentative capacity as employees or contractors of the foregoing) those Security Personnel, Physicians, Licensed Practical Nurses, Nurses, or other Personnel Responsible for the incidents alleged in the complaint, Defendants-appellees.

No. 05–6920–cv.

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

Roger Bearden, Disability Advocates, Inc., Albany, NY, for Appellant.

Daniel S. Ratner, Heidell, Pittoni, Murphy & Bach LLP, New York, NY, for Appellees.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[1]

### SUMMARY ORDER

Plaintiff Louisa A. Smith, a non-practicing attorney proceeding *pro se*, appeals (1)

---

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

the district court's denial of her motion to proceed under a pseudonym or to seal the filings in this case, and (2) the dismissal of her complaint charging defendants with alleged violations of the Americans with Disabilities Act, *see* 42 U.S.C. § 12112, *et seq.*, and Section 504 of the Rehabilitation Act, *see* 29 U.S.C. § 794(a).[2] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Dismissal*

We review *de novo* the *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Dismissal in this case was based on plaintiff's failure to plead facts establishing a causal link between her alleged psychiatric disability and the mistreatment of which she complained. This ruling, while correct, was premature. As a *pro se* plaintiff, Smith should have been afforded an opportunity to amend her complaint before dismissal with prejudice unless it was beyond question that no claim could be stated. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir.1999). No such finding was made in this case, nor was one warranted, because Smith's pleadings failed for lack of factual specificity rather than legal impossibility.

While licensed attorneys proceeding *pro se* need not be afforded the same pleading consideration as in *Gomez*, *see Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir.1981), where, as in this case, the plaintiff has not practiced law for years, largely due to psychiatric impairments that are the basis for her disability claim, there is no reason to distinguish her from *pro se* plaintiffs generally. Accordingly, we vacate the judgment of dismissal and remand with directions that the district court afford Smith an opportunity to amend her complaint to plead facts supporting a claim that defendants discriminated against her based on her disability and retaliated against her based on her claims of disability discrimination.

### 2. *Proceeding Under a Pseudonym*

Because the law disfavors closed proceedings, lawsuits are rarely litigated under seal and few plaintiffs are granted leave to pursue claims under a pseudonym. *See* Fed.R.Civ.P. 10(a) ("In the complaint the title of the action shall include the names of all the parties ...."). Nothing in the record in this case indicates that the district court abused its discretion in declining to allow plaintiff to do so.

The court AFFIRMS the judgment of dismissal as to Smith's claims under the Health Insurance Portability and Accountability Act, and AFFIRMS the denial of her motion to sue under a pseudonym. It VACATES the judgment of dismissal in all other respects, and REMANDS the case with directions that she be allowed to re-plead her complaint.

---

**2.** Because Smith specifically states that she is not appealing the district court's dismissal of her claims under the Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104–191, 110 Stat.1936, we deem any such claims waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Smith also states that the district court mistakenly construed her complaint to allege a cause of action under 42 U.S.C. § 1983, and thus is not appealing the district court's dismissal of such claim.