Richard HELLER, Plaintiff–Appellant,

v.

CONSOLIDATED RAIL CORPORATION, United Transportation Union, CSX Transportation, Norfolk Southern Corporation, Defendants–Appellees.

No. 07–4144–cv.

United States Court of Appeals, Second Circuit.

May 26, 2009.

Richard Heller, Appellant pro se.

Joseph S. Brown (Adam W. Perry, of counsel) Hodgson Russ, LLP, Buffalo, NY, Kevin C. Brodar, Associate General Counsel, United Transportation Union, Cleveland, OH, for Appellees.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, and Hon. CLIFFORD J. WALLACE,* Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Richard Heller, *pro se*, appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, J.), granting (1) appellee United Transportation Union's ("the Union") motion to dismiss and denying reconsideration of that decision; and (2) judgment on the pleadings to the remaining appellees. We assume the parties' familiarity with the facts and procedural history.

 "We review *de novo* a district court's dismissal of a complaint pursuant to [Federal] Rule [of Civil Procedure] 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). We review a judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), *de novo*. *See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 792 (2d Cir.1999). The same standard applicable to Rule 12(b)(6) motions to dismiss applies to Rule 12(c) motions for judgment on the plead-

---

* The Honorable J. Clifford Wallace, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

ings. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994).

■ Appellant had 300 days from (1) the March 2002 oral notice of refusal of union benefits, *i.e.,* until January 14, 2003; and (2) the April 2002 denial of his request to return to work, *i.e.,* until February 17, 2003, to file an EEOC complaint. *See* 42 U.S.C. §§ 2000e–5(e), 12117(a); 29 U.S.C. § 626(d)(2); *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 765 (2d Cir.1998) ("Title VII requires a claimant to file a discrimination charge with the EEOC within 180 days of the alleged unlawful employment action or, if the claimant has already filed the charge with a state or local equal employment agency, within 300 days of the alleged act of discrimination."); *Hodge v. New York Coll. of Podiatric Med.,* 157 F.3d 164, 166 (2d Cir.1998) (describing the EEOC filing requirements for Age Discrimination in Employment Act ("ADEA") claims). Thus, appellant's June 2003 EEOC complaints were untimely. Moreover, to the extent that appellant raised a claim of breach of the duty of fair representation against the Union, such claim must be filed within six months of the time when union members "know or reasonably should know that a breach of that duty has occurred." *See Eatz v. DME Unit of Local Union No. 3,* 794 F.2d 29, 33 (2d Cir.1986). Having known of the alleged breach of the duty by the Union on March 20, 2002, when he was informed that the Union would not reinstate his seniority status and denied him union membership benefits, appellant had until September 2002 to file his complaint, and his December 2005 complaint was untimely.

■ Appellant also asserts that the district court erred in failing to rule upon his motion to add the EEOC and the Railroad Retirement Board as additional parties to the complaint. First, the district court already had dismissed the EEOC,

and "[l]eave to amend is ... inappropriate where ... proposed amendments [are] merely recycled versions of claims" that were already dismissed. *Bellikoff v. Eaton Vance Corp.,* 481 F.3d 110, 118 (2d Cir.2007). Moreover, a district court need not grant leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed. *See Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795–96 (2d Cir.1999) (per curiam). Additionally, as appellant did not allege that either the EEOC or the Railroad Retirement Board was his employer, he could not state a claim against them under the provisions of Title VII, the Americans with Disabilities Act, and the ADEA, which apply only to discriminatory practices by an employer. *See* 42 U.S.C. §§ 2000e(b), 12111(2), 12112; 29 U.S.C. § 623; *see also Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 6 (2d Cir.1997) (holding that Title VII does not provide a cause of action against the EEOC). Thus, any amendment to the complaint would have been futile, and the district court need not have granted leave to amend. *See Gomez,* 171 F.3d at 795–96.

We have reviewed appellant's remaining arguments and hold them to be without merit.

For the reasons stated above, the judgment of the district court is AFFIRMED.