09-2376-cv
Lesch v. United States of America

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:

> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges*.

———————————————————————

Anthony R. Lesch,

> *Petitioner-Appellant*,

> v. 09-2376-cv

United States of America, State of New York, City of Binghamton, New York,

> *Respondents-Appellees*.

———————————————————————

FOR PETITIONER-APPELLANT: Anthony R. Lesch, *pro se*, Petersburg, VA

FOR RESPONDENTS-APPELLEES: Paula Ryan Conan, Assistant United States Attorney, *for* Andrew T. Baxter, United States Attorney for the Northern District of New York, Syracuse, NY; Wayne L. Benjamin, New York State Office of the Attorney General, Albany, NY

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the post-judgment order of the District Court be and hereby is **AFFIRMED**.

Appellant Anthony R. Lesch appeals the district court's denial of his motion for reconsideration of its decision dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

The standard of review of a district court order granting or denying a motion for relief from a final judgment is whether the order constituted an abuse of discretion. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999) (noting the same abuse-of-discretion review for Rules 59(e) and 60(b)). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). A motion for relief from a judgment is generally not favored and is granted only upon a showing of exceptional circumstances. *Pichardo v. Aschcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citing *United States v. Intl. Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, a motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided. *Id.* Here, the district court properly found that Lesch sought only to re-argue his previously submitted claims.

2

Thus, the reconsideration motion was correctly denied, and Lesch's appeal is without merit. *See id.*; *Transaero*, 162 F.3d at 729.

To the extent Lesch can challenge the district court's failure to allow him to replead upon its *sua sponte* dismissal, *see Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 189 n.2 (2d Cir. 2001), such a claim is unavailing. A district court need not grant a *pro se* plaintiff leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999). Although the district court did not expressly consider the propriety of allowing Lesch leave to amend, an amendment would have been futile, as Lesch sought compensation for property that was forfeited pursuant to a judgment to which he consented in connection with his conviction for production of child pornography in violation of 18 U.S.C. § 2251. Thus, Lesch has no non-frivolous challenge to the district court's dismissal of his complaint. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3