08-2228-pr
*Smith v. Goord*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of April, two thousand ten.**

PRESENT:

> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,[*]
> > *Circuit Judges*.

_____

RANDOLPH SMITH,

> *Plaintiff-Appellant*,

> v.                                                                 (No. 08-2228-pr)

GLENN GOORD, Commissioner, Department of Correctional Services,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:                    Randolph Smith, *pro se,* Beacon, New York

FOR DEFENDANT-APPELLEE:                    Rajit S. Dosanjh, Assistant Solicitor General

---

[*] At the time this case was submitted, Judge Chin was a member of the United States District Court for the Southern District of New York, sitting by designation.

(Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General, *on the brief*), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, New York

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED** with respect to the claims against Appellee, and **REMANDED** with instructions to the district court to allow Appellant to amend his complaint.

Plaintiff-Appellant Randolph Smith, *pro se* and incarcerated, appeals from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*), granting summary judgment in favor of Defendant-Appellee Commissioner Glenn Goord on Appellant's 42 U.S.C. § 1983 claims and denying Appellant's requests for discovery and for leave to amend his complaint. We assume the parties' familiarity with the facts, procedural history, and issues presented for review.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We conclude, for substantially the reasons stated by the district court, that Appellant did not demonstrate the existence of a question of fact as to the personal involvement of Appellee in the alleged constitutional violation. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (prisoner failed to establish the requisite personal involvement of Department of Correctional Services Commissioner to whom he had written letters of complaint, one of which Commissioner referred for investigation).

We review the denial of a motion for leave to amend the complaint for abuse of discretion. *See Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001), *overruled in part on other grounds by Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006). Fed. R. Civ. P. 15(a) instructs that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, "[a] *pro*

2

*se* complaint is to be read liberally" and a district court generally should not dismiss *pro se* complaints without granting leave to amend at least once when a liberal reading of the complaint "gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam)) (internal quotation marks omitted).

Here, Appellant may have set forth a valid § 1983 claim against individual staff members at Great Meadow Correctional Facility, who he asserts failed to provide him with an alternative means of tuberculosis testing consistent with his religious practices and instead placed him in confinement. Because we cannot determine on the face of the complaint that granting leave to amend in this case would be futile, *see, e.g.*, *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009), we accordingly remand the case to the district court to allow Appellant to amend his complaint. We express no views on whether any potential claims Appellant may have against defendants other than Commissioner Goord would have merit.

For the foregoing reasons, the judgment of the district court dismissing the complaint (which named only Appellee Goord as a defendant) is **AFFIRMED**. The case is **REMANDED** to allow Appellant to amend his complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3