09-4827-cv
Stancuna v. New Haven Legal Assistance Inc.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of June, two thousand and ten.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VERNON STANCUNA,

> *Plaintiff-Appellant*,

> v.                                                      No. 09-4827-cv

NEW HAVEN LEGAL ASSISTANCE INC., LIUBOV ULIANOVA, JANE GROSSMAN, ERIKA TINDILL, PATRICIA KAPLAN,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**          Vernon Stancuna, *pro se*, Wallingford, Connecticut.

**FOR APPELLEES:**          Jennifer Mozzer, Nuzzo & Roberts, LLC, Cheshire, Connecticut.

1

Appeal from a November 11, 2009 judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment be **AFFIRMED**.

Plaintiff-appellant Vernon Stancuna ("plaintiff"), *pro se*, brought this civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1964. The District Court, acting *sua sponte* under 28 U.S.C. § 1915(e)(2), dismissed his complaint as frivolous and denied his motion to amend his complaint. He brought this timely appeal. We assume the parties' familiarity with the underlying facts, the procedural history of this action, and the issues raised on appeal.

A court "shall dismiss" a complaint filed *in forma pauperis* "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). We conduct a *de novo* review of a District Court's *sua sponte* dismissal under § 1915(e). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint filed by a *pro se* litigant must meet this plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009), but we nonetheless construe the submissions of a *pro se* litigant "liberally" and interpret them so as to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (internal quotation marks omitted).

A plaintiff asserting a RICO violation must adequately plead "(1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to plaintiff's business or property, and (3) the causation of the injury by the defendant's violation." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (citations and internal quotation marks omitted; alteration in original). To adequately plead the causation element of a RICO claim, the plaintiff must allege that the defendant's conduct was the "legal, or proximate, cause of [his] injury, as well as the logical, or 'but for,' cause." *Id.* at 283-84 (citing *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys.*, 271 F.3d 374, 380 (2d Cir. 2001)).

Plaintiff's complaint, even when read liberally, fails to plead a plausible connection between defendants' alleged actions and plaintiff's alleged lost of business. Plaintiff has failed, therefore, to allege causation, and the District Court correctly dismissed his complaint. In addition, the District

2

Court correctly denied plaintiff's request to amend his complaint, as any amendment would have been futile.  *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999).

We have considered each of plaintiff's arguments on appeal and have determined that they are meritless.

## CONCLUSION

For the foregoing reasons, the District Court's November 11, 2009 judgment is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court