Hathaway v. U.S. Att'y Gen.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of July, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             GERARD E. LYNCH,
                  *Circuit Judges*.

_____

EUGENE CARL HATHAWAY,

                  *Plaintiff-Appellant*,

          -v-                                          10-5132

UNITED STATES ATTORNEY GENERAL, ERIC H.
HOLDER, JR., FEDERAL BUREAU OF PRISONS,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Philip A. Wellner, Friedman Kaplan Seiler & Adelman LLP, New York, N.Y.

Appearing for Appellees:     Brandon H. Cowart, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.


Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and the case is **REMANDED**.

Eugene Carl Hathaway appeals from a judgment of the district court dismissing his complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A plaintiff bringing a claim under *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),] must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). "Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Id.*

The district court dismissed the *pro se* prisoner's civil rights complaint *sua sponte* under 28 U.S.C. § 1915A. The court held that the complaint failed to state a claim insofar as Hathaway alleged that his transfer by federal officials to a state facility in Mississippi violated the Eighth or First Amendments of the U.S. Constitution, and that to the extent Hathaway challenged the conditions of his confinement in Mississippi venue was improper in the Southern District of New York. The court did not address whether Hathaway adequately pleaded that federal officials deprived him of a protected liberty interest by causing him to be transferred to Mississippi, without due process of law, as punishment for assaulting a prison warden in New York. The court did not grant Hathaway leave to amend his complaint.

We conclude that Hathaway has sufficiently alleged that federal officials caused him to be placed in solitary confinement as punishment for assaulting a prison warden without providing him procedural due process as required under the U.S. Constitution. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) ("We hold that [the prisoner's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."); *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) ("Confinement in normal [segregated housing unit] conditions for 305 days is in our judgment a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under *Sandin*.").

We also believe that Hathaway's allegation that federal officials punished him for assaulting a prison warden by causing him to be transferred to a small cell in a state prison, in which the temperature exceeded 110 degrees, for such a significant length of time constitutes a plausible claim that the officials violated his right under the Eighth Amendment of the U.S. Constitution to be free from cruel and unusual punishment. *Cf. Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) ("We have held that an Eighth Amendment claim may be established by proof that the inmate was subjected for a prolonged period to bitter cold.").

Furthermore, we conclude that Hathaway has alleged sufficient facts to plausibly suggest that federal officials were "personally involved in the constitutional violation," even though Hathaway's alleged period of solitary confinement was not in a federal facility. *Thomas*, 470 F.3d at 496. Indeed, Hathaway alleges that an official from the Federal Bureau of Prisons told

Hathaway: "If you write a letter apolo[g]iz[]ing for what you did in New York, I will forward the letter to Washington and they might get you out [of] this place." (capitalization altered). Moreover, Hathaway alleges that when he complained about his continued detention in solitary confinement, the official replied: "We can do what we want." (capitalization altered) (internal quotation marks omitted).

We also conclude that the district court erred by dismissing Hathaway's Eighth Amendment claim *sua sponte* for improper venue. As we have noted, "[a] district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Such extraordinary circumstances were not present here. *Cf. Stich v. Rehnquist*, 982 F.2d 88, 88-89 (2d Cir. 1992).

Finally, we note that Hathaway has been very ably represented on this appeal by his appointed *pro bono* counsel, who has committed to continue representing him before the district court. On remand, if Hathaway pursues his motion for leave to file an amended complaint, the district court should such grant such a motion and provide Hathaway with an opportunity to submit a counseled amended complaint to replace the *pro se* complaints he previously filed. If any new complaint filed by Hathaway raises claims for injunctive relief—claims that the parties have addressed in briefs on this appeal—we leave to the district court to determine in the first instance the merits of any such claims.

Accordingly, the order of the district court hereby is VACATED, and the case hereby is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3