14-4038-cv
*Barnhill v. Terrell*

UNITED STATES COURT OF APPEALS<br>FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.**

PRESENT: JOSÉ A. CABRANES,
     ROSEMARY S. POOLER,
        *Circuit Judges,*
     PAUL G. GARDEPHE,
        *District Judge.*[*]

---

THOMAS BARNHILL, JR.,

    *Plaintiff-Appellant,*        14-4038-cv

    v.

DUKE TERRELL, SOROYA ROSA, MICHAEL BORECKY,
GLENFORD EDWARDS, GAIL MCMILLAN,
TONI CUYLER, FREDDY NUNEZ, AND SIXTO RIOS,

    *Defendants-Appellees,*

R. NEWLAND, R-MD,
    *Defendant.*[**]

---

[*] The Honorable Paul G. Gardephe, United States District Court for the Southern District of New York, sitting by designation.

[**] The complaint and official caption misspell the names of several defendants. The Clerk of the Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:                    Thomas Barnhill Jr., *pro se*, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:              Varuni Nelson and Mary M. Dickman, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Plaintiff-Appellant Thomas Barnhill Jr., a former inmate at the Metropolitan Detention Center ("MDC") in Brooklyn, NY, proceeding *pro se*, appeals the District Court's partial grant of summary judgment and partial dismissal with prejudice of his allegations of inadequate medical care and exposure to tuberculosis while incarcerated. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a dismissal under Rule 12(b)(1) or 12(b)(6), as well as a grant of summary judgment under Rule 56, "construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, — F.3d —, 2015 WL 5059377, at *8 (2d Cir. Aug. 28, 2015); *see Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015). Because Barnhill proceeds *pro se*, "we must interpret his papers liberally to raise the strongest arguments that they suggest." *Willey*, 2015 WL 5059377, at *8. (internal quotation marks omitted).

The District Court construed Barnhill's complaint as asserting (1) common law tort claims under the Federal Tort Claims Act ("FTCA") against the United States and individual defendants in their official capacities, and (2) *Bivens* claims against the individual defendants in their individual capacities based on their alleged deliberate indifference to Barnhill's medical needs, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Upon an independent review of the record and the relevant law, we affirm the judgment of the District Court in most respects.

A plaintiff—even if *pro se*—must exhaust his administrative remedies before bringing a claim under the FTCA. *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). For federal inmates, that means filing a claim for money damages with the Bureau of Prisons ("BOP"). 28 C.F.R. § 543.32. Although Barnhill filed several grievance forms, none sought damages or even suggested a tort claim, instead asking for help "solv[ing] [his] medical issue," A167, and "requesting a full

investigation" into his medical problems, A173. We therefore agree with the District Court that Barnhill failed to exhaust his administrative remedies, and that it accordingly lacked jurisdiction to hear his FTCA claims.[1] *See Adeleke*, 355 F.3d at 153. We also agree that sovereign immunity bars any common law claims against the individual defendants in their official capacities. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). Finally, we affirm the District Court's dismissal of the *Bivens* claims against defendants Duke Terrell and Freddy Nunez and grant of summary judgment in favor of defendants R. Newland,[2] Michael Borecky, Sixto Rios, and Soroya Rosa, substantially for the reasons stated in the District Court's memorandum and order.

We disagree, however, with the District Court's dismissal with prejudice of Barnhill's claims against defendants Toni Cuyler, Glenford Edwards, and Gail McMillan in their individual capacities. Even construed liberally, Barnhill has failed to state a claim against these defendants. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) ("[A] *pro se* complaint must allege enough facts to state a claim to relief that is plausible on its face.") (internal quotation marks omitted). Barnhill has not alleged that they knew or had reason to know that his cellmate had tuberculosis ("TB"), or that they failed to screen for the disease, *cf. Lareau v. Manson*, 651 F.2d 96, 109 (2d Cir. 1981). He has thus failed to allege anything resembling "the requisite mental state" of deliberate indifference. *See Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012).

But while dismissal was proper, we cannot say the same for dismissal *with prejudice*, which is appropriate only if the District Court can "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999).

"We review for abuse of discretion a district court's decision" to dismiss a complaint "with prejudice." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of

---

[1] While this case was pending appeal, the U.S. Supreme Court ruled that time limitations under the FTCA are nonjurisdictional and subject to equitable tolling. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). In finding that Barnhill had failed to exhaust his administrative remedies, the District Court noted that Barnhill "did not submit a written demand for damages to the BOP within two years of the claim accruing." *Barnhill v. Terrell*, No. 12-CV-2420 (PKC), 2014 WL 4828801, at *9 (E.D.N.Y. Sept. 29, 2014). This was only one of the grounds on which the District Court relied, however, and it does not alter our judgment here.

[2] In addition, Barnhill has not challenged the District Court's dismissal of his claims against Newland (whose first name does not appear in the record) for lack of service. *See* A213 n.1, A234. Newland appears in the caption as a defendant, not defendant-appellee.

permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted).

The District Court dismissed Barnhill's claims "with prejudice because amendment would be futile."[3] *Barnhill v. Terrell*, No. 12-CV-2420 (PKC), 2014 WL 4828801, at *13 (E.D.N.Y. Sept. 29, 2014). Although the District Court did not elaborate, it seems to have relied on its finding that Barnhill "was not exposed to, and did not contract, tuberculosis." *Id.* at *10. We read the record differently. There is conflicting evidence as to when Barnhill acquired his TB infection,[4] but by spring 2010—after defendants allegedly placed Barnhill with an inmate suffering from TB, *see* Appellant's Br. 3— he showed signs of infection, A94, A96, and he subsequently began receiving, apparently for the first time, prophylactic TB treatment, A104. When Barnhill later asked BOP clinicians "how he got tuberculosis in the BOP," they explained "the mechanism by which someone becomes a *new converter* with mycobacterium tuberculae." A127-28 (emphasis supplied).

It seems possible, then, that Barnhill developed a latent TB infection at the MDC. Although the present record does not suggest that defendants deliberately or negligently caused the alleged exposure, Barnhill's brief states that he warned them about his cellmate's TB "but was denied action." Appellant's Br. 3. That allegation suggests that Barnhill may be able to amend his complaint to state a claim against Cuyler, Edwards, and McMillan in their individual capacities. *Cf. Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) (remanding to permit amendment where the plaintiff failed to allege the defendants' responsibility).

We intimate no view as to Barnhill's ultimate likelihood of success or even his success in amending his complaint. We find that dismissal with prejudice is inappropriate only because we cannot "rule out any possibility" that an amended complaint might succeed. *Gomez*, 171 F.3d at 795-96.

## CONCLUSION

We have reviewed Barnhill's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court, except to the extent that we **REMAND** the cause to the District Court with instructions to modify the judgment to reflect that

---

[3] Although Barnhill filed a "revised complaint" soon after filing his initial complaint, he did so before defendants filed their motion to dismiss. The District Court properly did not treat that second filing as an amended complaint.

[4] TB infections are often diagnosed using a purified protein derivative ("PPD") test. A positive PPD test generally indicates a TB infection, though not necessarily active disease. *The Merck Manual of Diagnosis and Therapy* 1305 (19th ed. 2011). Barnhill apparently received a positive PPD test before entering the MDC, A23, but he received a negative PPD test shortly thereafter, A45.

4

the dismissal as to the claim against defendants Cuyler, Edwards, and McMillan in their individual capacities is without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk