08-5991-pr
Boddie v. Alexander

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges*,
> PAUL A. CROTTY,
> > *District Judge.*[*]


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TERRENCE BODDIE,

> *Plaintiff-Appellant*,

v.                                                              No. 08-5991-pr

---

[*] The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1

GEORGE B. ALEXANDER, Chairman of the New York State
Division of Parole, NOREEN L. CAMPBELL, A.L.J. Division of
Parole, THE NEW YORK STATE DIVISION OF PAROLE,

<em>Defendants.</em><strong>**</strong>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                          Terrence Boddie, *pro se*, Rome, NY.

**FOR AMICUS CURIAE**
**THE STATE OF NEW YORK:**       Andrew M. Cuomo, Attorney General of the State of
                                             New York, Barbara D. Underwood, Solicitor General,
                                             Richard Dearing and Steven C. Wu, Assistant Solicitors
                                             General, New York, NY.

Appeal from a October 31, 2008 judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Terrence Boddie, *pro se*, appeals an October 31, 2008 judgment of the United States District Court for the Eastern District of New York entered after the District Court, acting *sua sponte* under 28 U.S.C. §§ 1915(e)(2)(B), 1915A, dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted. In his complaint, which asserted claims under 42 U.S.C. § 1983, Boddie alleged (1) that the New York State Parole Board violated the Ex Post Facto Clause of the United States Constitution when it applied the 1997 amendments to the New York State parole revocation rules at Boddie's 2007 parole revocation hearing and (2) that the State's failure to provide him with a grievance procedure to file complaints against parole officers violated his rights under the First and Fourteenth Amendments to the United States Constitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B), *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), "taking all the allegations in the complaint as true and drawing all inferences in the plaintiff's favor," *Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005). While *sua sponte* dismissal prior to service of process and without leave to amend—like the

---

** The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

[1] Because the District Court dismissed this action before service of process, the defendants listed in the complaint are not parties to this appeal. Nevertheless, in response to our Order of March 30, 2009, the State of New York has filed an *amicus curiae* brief setting forth the arguments that defendants would have raised had they been parties to this appeal.

dismissal here—should be used sparingly, dismissal under 28 U.S.C. § 1915(e)(2)(B) was proper here because we have no doubt that Boddie's complaint fails to state a claim upon which relief can be granted.

First, even assuming, without deciding, that Boddie's *ex post facto* claim is *not* barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), Boddie's *ex post facto* claim is meritless. In *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001), we held that the Ex Post Facto Clause "does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion." Boddie asserts that the 1997 amendments to New York's parole revocation rules, 9 N.Y.C.R.R. § 8005.20(c)(1), are mandatory—not discretionary—because they provide that the presiding officer "shall" impose minimum levels of incarceration on violent felony offenders who, like Boddie, are found to have violated the terms of their parole. Nevertheless, the 1997 amendments also allow the presiding officer to order, at his or her discretion, (1) the restoration of the parole violator to supervision with appropriate special conditions or (2) the placement of the parole violator in alternatives to incarceration. *See* 9 N.Y.C.R.R. § 8005.20(c)(4), (g).

Accordingly, although the 1997 amendments use the word "shall," the 1997 amendments nevertheless allow the presiding officer to exercise wide discretion. As a result, the amendments were "promulgated simply to guide the parole board in the exercise of its discretion," *Barna*, 239 F.3d at 171, and are therefore not "laws" within the meaning of the Ex Post Facto Clause, *see People ex rel. Johnson v. Russi*, 258 A.D.2d 346, 347 (N.Y. App. Div., 1st Dep't, 1999) (rejecting an *ex post facto* challenge to § 8005.20(c) because the regulations are merely guideposts that assist in the exercise of discretion, as confirmed by § 8005.20(c)(4) and (g)). Boddie's *ex post facto* allegations thus fail to state a claim upon which relief can be granted.[2]

Second, Boddie's claim that due process required that the State of New York provide him with a grievance procedure to file complaints against parole officers fails because he cannot demonstrate a protected liberty interest warranting such a procedure. Although, as a general rule, liberty interests may arise "from an expectation or interest created by state laws or policies," *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005), Boddie's claim here is premised on the *lack* of a statute or regulation providing for a grievance procedure. Thus, there was no state law or policy that gave Boddie an "expectation or interest" in a grievance procedure, and Boddie cannot identify a liberty interest that was infringed. *See Palmer v. Richards*, 364 F.3d 60, 64 n.2 (2d Cir. 2004) ("[A] prisoner must first show that the state created a liberty interest, by statute or regulation, before he can show that the interest was infringed."). Indeed,

---

[2] Boddie commenced this action while he was incarcerated, but Boddie was released on parole on November 13, 2009, during the pendency of this appeal. Therefore, Boddie's *ex post facto* claim is likely moot, providing another reason—in addition to the reasons discussed above—that dismissal of his claim is proper.

3

both the Supreme Court and this Court have established that, prior to a parole revocation, due process requires only that a parolee be afforded (1) notice, (2) a fair hearing, and (3) a written revocation decision. *See Morrissey v. Brewer*, 408 U.S. 471, 484-89 (1972); *United States v. Sanchez*, 225 F.3d 172, 175 (2d Cir. 2000). Boddie does not allege that he was denied any of those procedures; he seeks instead an additional procedural protection that was not required by due process. His due process allegations, therefore, fail to state a complaint upon which relief can be granted.

Finally, to the extent that Boddie asserts that the lack of a grievance procedure violated his First Amendment right to petition the government for redress of grievances, Boddie's claim fails because the First Amendment functions only to prohibit the government from *obstructing* the right to petition. *See Smith v. Ark. State Highway Employees, Local 1315,* 441 U.S. 463, 465 (1979) ("[T]he First Amendment does not impose any affirmative obligation on the government to listen, to respond or . . . to recognize [a grievance]." ); *see also Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988) (holding that the right to petition "cannot be obstructed" (internal quotation marks omitted)). Because Boddie alleges, in essence, that the State failed to *assist* his ability to raise a grievance—not that the State *obstructed* his ability to raise a grievance—Boddie has failed to state a cognizable First Amendment claim.

We have considered all of Boddie's remaining arguments on appeal and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____

4