In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-1751

AIMEE LYNN HANKINS,

*Plaintiff-Appellant,*

*v.*

TIM LOWE,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 4:11-cv-04048-SLD-JEH— **Sara Darrow**, *Judge.*

SUBMITTED APRIL 14, 2015 — DECIDED MAY 19, 2015

Before POSNER, FLAUM, and ROVNER, *Circuit Judges.*

POSNER, *Circuit Judge.* The question presented by this appeal (more precisely, the only possibly meritorious question—the plaintiff/appellant is pro se and her brief a scattershot) is whether the deliberate decision of a parole officer to delay a parolee's release from parole beyond its termination date can give rise to a claim under 42 U.S.C. § 1983. So far as relates to this case section 1983 imposes civil liability on anyone "who, under color of any statute, ordinance, regula-

tion, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."

The appellant, Aimee Hankins, having been convicted in Arkansas of felony battery, given three years of parole (rather than a prison term) for the offense, and sentenced to prison in May 2006 for violating her parole, was re-released on parole in March 2007. She later moved to Illinois, and pursuant to the Interstate Compact for Adult Offender Supervision came under the supervision of the Illinois Department of Corrections. The Department assigned a parole officer named Tim Lowe to supervise her. He is the defendant and appellee in this case. The complaint alleges that she asked him when her parole would expire and that he refused to tell her, saying that Arkansas would determine when it expired and would revoke her parole if she asked the Arkansas authorities for the date.

Her parole expired either in January 2010 or May 2012—we cannot determine which. The record contains two documents prepared by the Interstate Commission for Adult Offender Supervision stating the date, and there has been no determination of which date is correct. But in February 2011 Lowe informed her that her parole had expired. As this was before the later date (May 2012) on which her parole may have expired, the implication is that it had expired in January 2010, the year preceding Lowe's telling her that her parole had ended. If this timetable is correct, she was subjected to the restrictions imposed on her by the conditions of her parole for 13 months (January 2010 to February 2011) be-

yond when her parole had actually ended. Those conditions included requirements that she obtain Lowe's approval to leave the county she lived in or to spend the night away from home, that she accept home visits by Lowe or other officers whenever they notified her of their desire to visit her at home, and that she attend counseling sessions.

Parole is a form of custody. *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963); *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004); *White v. Indiana Parole Board*, 266 F.3d 759, 763 (7th Cir. 2001); *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012). As explained in such cases as *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014); *Sample v. Diecks*, 885 F.2d 1099, 1108–10 (3d Cir. 1989), and *Haygood v. Younger*, 769 F.2d 1350, 1354–55 (9th Cir. 1985) (en banc), a state officer who unlawfully keeps a person in custody beyond the date at which he (in this case she) is entitled to be released imposes a form of cruel and unusual punishment, and thus violates the Eighth Amendment. A lawless extension of custody is certainly unusual, and it is cruel in the sense of being imposed without any legal authority. Although obviously the restrictions imposed on a parolee are less onerous than those imposed on a prison or jail inmate, the Supreme Court held in *Jones v. Cunngham, supra*, 371 U.S. at 242–43, that a parolee who proves that his parole is unlawful is entitled to habeas corpus, implying a right to to obtain damages under section 1983 if having finally been released from parole he can no longer benefit from habeas corpus. Lowe concedes that the conditions imposed on the plaintiff by her parole were sufficiently onerous to constitute cruel and unusual punishment if prolonged beyond the parole expiration date, especially (as we would be inclined to qualify his concession) if pro-

longed *significantly* beyond that date, as alleged to have occurred in this case.

The district judge nonetheless dismissed the case for failure to state a claim, more specifically for failure to plead facts necessary to make the claim "plausible" within the meaning of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The judge's discussion of the issue is confined however to one short paragraph, the gist of which is as follows: Hankins "alleges that Lowe told Hankins the date of her release was determined not by him, but [by] Arkansas officials, and Hankins never disputes the truth of this claim. She also credits Lowe with providing what notice—albeit delayed—she received of the alleged extension of her supervision. These allegations—the only ones seemingly related to Lowe's role in denial of due process—are more exculpatory than inculpatory" (record references omitted). The quoted statement is not responsive, as Lowe implicitly concedes by shifting ground and arguing to us that the complaint is deficient in two other respects: Hankins "has not shown that Lowe had the requisite mental state" (what some cases call "deliberate indifference," meaning knowing of a serious risk but refusing to do anything to prevent it from materializing though prevention would be feasible, thus making the term synonymous with "recklessness"), and that "he had no power to adjust her outdate" (that is, the date at which her parole expired). That's actually part of the "mental state"—it is not culpable to be unable to prevent a risk and, knowing one is unable to prevent it, to make no attempt to do so.

But as a parole officer Lowe must have realized that he had to find out when his parolee's parole would expire,

since she didn't know and he had forbidden her to inquire of the Arkansas authorities. A phone call by him to Arkansas would have answered that question, making this a classic case of knowledge of a preventable risk coupled with refusal to do anything however trivial (such as a phone call) to prevent it from materializing. He thus was guilty of deliberate indifference or its equivalent, recklessness. As for "adjusting [Hankins's] outdate," of course Lowe had no authority to do that. But she wasn't asking for an adjustment, just for information—when her parole would expire. So far as we can tell from the pleadings—and pleadings are all we have—Lowe deliberately withheld essential information that he was required to obtain, and could readily have obtained and given her.

Thus far we've assumed that her parole expired in 2010 and not 2012; should it be determined on remand that it expired in 2012, her case should be dismissed. Lowe asked the district court to take judicial notice of the 2012 expiration date and thus dismiss the suit. The judge did not rule on that request, and because there are conflicting documents in the record the issue cannot be resolved on the pleadings.

The judgment is reversed insofar as the Eighth Amendment claim is concerned, and the case remanded for further proceedings, consistent with this opinion, concerning that claim. In all other respects the district court's judgment is affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.