Felipe PEREZ, Plaintiff,

v.

John DOES 1, 2, and 3; Susan Van Geldon; C.O. J. Billiet; Sergeant J. Crowe; and RN II Lipodagrossi-Torbitt, Defendants.

6:15-CV-06474 EAW

United States District Court, W.D. New York.

Signed September 22, 2016

Felipe Perez, East Elmhurst, NY, pro se.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### I. Factual Background and Procedural History

On August 12, 2015, Plaintiff Filipe Perez ("Plaintiff"), an inmate currently incarcerated at the Otis Bantum Correctional Center, filed this *pro se* action seeking relief under 42 U.S.C. § 1983, alleging that on June 9, 2014, Defendants John Does 1, 2, and 3 ("John Doe Defendants") assaulted Plaintiff while he was in custody at the Elmira Correctional Facility. (Dkt. 1). Plaintiff also alleges Defendants Van Geldon, a nurse at the Elmira Facility, and Billiet, a corrections officer at the Elmira Facility, filed a "false and retaliatory" inmate misbehavior report. (*Id.* at 5). Plaintiff further alleges that Defendant Lipodagrossi-Torbitt, a nurse at Marcy Correctional Facility, refused to provide him medical treatment. (*Id.*). Finally, Plaintiff alleges that Lipodagrossi-Torbitt and Defendant Crowe, a sergeant at the Marcy Facility, failed to properly document Plaintiff's injuries. (*Id.* at 8). In making these claims, Plaintiff seems to allege that there was a conspiracy to cover up his injuries. (*See id.* at 8).

On August 24, 2015, this Court requested that the Attorney General of the State of New York, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir.1997) (per curiam), ascertain the full names of the John Doe Defendants. (Dkt. 3 at 1). In a letter dated October 22, 2015, Assistant Attorney General Gary M. Levine told the Court that he was unable to identify the John Doe Defendants. (Dkt. 4).

Defendants Billiet, Van Geldon, and Crowe have filed a motion to dismiss the Complaint as to themselves, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 8). To the extent that the motion argues that Lipodagrossi-Torbitt has not been served, the motion is factually incorrect. (*See id.* at 1, 4). Defendant Lipodagrossi-Torbitt was served on October 21, 2015. (Dkt. 6). Defendant Lipodagrossi-Torbitt has not responded to the Complaint; her answer was due on December 10, 2015.[1]

1. The Court is aware that Defendants' motion makes reference to Lipodagrossi-Torbitt in its alternative request to transfer the case to the Northern District of New York. (Dkt. 8 at 4). Transfer is appropriate when another district—where the complaint may have been brought originally—is more convenient for the parties and witnesses, and justice is served by the transfer. 28 U.S.C. § 1404(a). Plaintiff claims that he was beaten by John

Also pending before the Court are Plaintiff's motions to appoint counsel. (Dkt. 17; 20). The Court first addresses Defendants' motion to dismiss, and then turns to Plaintiff's motions to appoint counsel.

## II. Discussion

### A. Defendants' Motion to Dismiss

Defendants Van Geldon and Billiet assert that Plaintiff's allegation regarding their Inmate Misbehavior Report ("IMR") does not present a cognizable claim. (Dkt. 8 at 3-4). Similarly, Defendant Crowe argues that Plaintiff's allegation regarding Crowe's failure to properly document Plaintiff's injuries is not a valid cause of action. (*Id.* at 4). Although the Court agrees that Plaintiff has failed to state a claim in his complaint, pursuant to the Second Circuit's decision in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794 (2d Cir.1999), the Court will provide Plaintiff the opportunity to file an amended complaint.

### 1. Standard of Review

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *Zucco v. Auto Zone, Inc.*, 800 F.Supp.2d 473, 475 (W.D.N.Y.2011). In considering a motion to dismiss pursuant to Rule 12(b)(6), a court generally may consider only "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir.2005). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007)). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).[2]

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

Doe Defendants at Elmira Correctional Facility, which is located in this district. (Dkt. 1 at 2-4). He further alleges that Lipodagrossi-Torbitt failed to provide medical care at the Marcy Correctional Facility, which is located in the Northern District of New York. (*See id.* at 5). The majority of the operative events in the case—Plaintiff's claimed civil rights violations by the John Doe Defendants—are located in this district. Additionally, Lipodagrossi-Torbitt has not yet appeared in the case and has not moved to transfer the case to another district, or to sever the claims against her from those against the John Doe Defendants. Therefore, transfer is inappropriate at this time.

**2.** Defendants cite a 2004 Southern District of New York case, *Harris v. McGinnis*, No. 02 Civ. 6481(LTS)(DCF), 2004 WL 2187137 (S.D.N.Y. Sept. 30, 2004), to summarize the Court's standard of review for Fed. R. Civ. P. 12(b)(6) motions. (Dkt. 8 at 2-3). *Harris* relied on *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) for the Court's standard of review. *Harris*, 2004 WL 2187137, at *2. Defendants are directed to the Supreme Court's decisions in *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), which significantly altered the standards for granting Fed. R. Civ. P. 12(b)(6) motions. *See Twombly*, 550 U.S. at 570, 127 S.Ct. 1955 (stating that the *Conley* standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard ...."); *Iqbal*, 556 U.S. at 670, 129 S.Ct. 1937 (*"Twombly* retired the *Conley* no-set-of-facts test ....") (internal quotations omitted). Citation to a case which relies on the bygone *Conley* standard is simply inappropriate.

will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56–57 (2d Cir.2008) (citations omitted).

▮▮▮ In addition, "[i]t is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted); *see also Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir.2004) ("It is well-established that 'when [a] plaintiff proceeds pro se ... a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'") (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004)). Because the *pro se* complaint must be read broadly, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez*, 171 F.3d at 796. An amendment is afforded "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Id.*; *see, e.g., Akande v. U.S. Marshals Serv.*, 659 Fed.Appx. 681, 685, 13–4629, 2016 WL 4543542, at *3 (2d Cir. Aug. 31, 2016) ("We therefore cannot conclude with confidence that [the plaintiff] cannot plausibly allege a viable cause of action. Accordingly, ... [the plaintiff should] be given one more opportunity to amend his complaint to better articulate the facts he alleges and the legal bases for his claims.").

### 2. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted as to Defendants Van Geldon, Billiet, and Crowe

Plaintiff alleges a number of constitutional violations caused by Defendants Van Geldon, Billiet, and Crowe. The Court construes Plaintiff's claims to raise the strongest arguments they suggest. *See Green*, 260 F.3d at 83.

▮▮▮ Plaintiff claims that Defendant Van Geldon wrote, and Defendant Billiet endorsed, a "false" Inmate Misbehavior Report ("IMR") "to cover-up the damage" caused by John Doe Defendants, in violation of Plaintiff's civil rights. (Dkt. 1 at 5, 8). Generally, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir.2015) (quoting *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986)). There are two exceptions to this general rule. An inmate has a claim where he can show either: discipline without adequate due process because of a false report; or that the report was in retaliation for exercising a constitutionally protected right. *Id.*

▮▮▮ Here, Plaintiff fails to assert either that there was discipline without due process because of the report, or that the report was filed in retaliation for exercising a constitutionally protected right. (*See* Dkt. 1). Plaintiff does not say whether he was disciplined because of the "false" IMR. (*See id.*). Even construing Plaintiff's complaint to put forward the strongest arguments it can suggest—that the IMR exists, and that it was false and retaliatory—Plaintiff does not, at this time, show any cognizable injury upon which relief can be granted. It is certainly plausible, though, that Plaintiff could assert facts which support a claim under one of the two exceptions to the general rule regarding

false accusations. Therefore, Plaintiff will be provided leave to amend his claims against Defendants Van Geldon and Billiet. *See Gomez*, 171 F.3d at 796.

■ Plaintiff also alleges that Defendant Crowe failed "to properly document [his] injuries and the cause thereof." (Dkt. 1 at 8). A guard or nurse's failure to document an inmate's injuries is not a constitutional deprivation. *See Evans v. Murphy*, No. 12CV365, 2013 WL 2250709, at *3 (W.D.N.Y. May 22, 2013) ("[T]he plaintiff asserts that [a prison official] failed to document [Plaintiff's] injuries to cover-up the incident. Such a claim does not state a constitutional claim."); *Crawford v. Kalahan*, 12–cv–1101–JPG, 2012 WL 6016897, at *3 (S.D.Ill. Dec. 3, 2012) ("[E]ven if Defendants violated the prison policy regarding documentation of [a] hunger strike, such a violation does not give rise to a constitutional claim."). Therefore, Plaintiff fails to assert a cognizable claim against Defendant Crowe on the basis of Defendant Crowe's alleged failure to document Plaintiff's injuries. This does not terminate Defendant Crowe's involvement in the case though, as Plaintiff's complaint can be read to allege a conspiracy in which Defendant Crowe was involved.

■ Reading Plaintiff's original complaint to allege a conspiracy to deprive him of his constitutional rights, Plaintiff's claim also fails. To maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds." *Webb v. Goord*, 340 F.3d 105, 110–11 (2d Cir.2003). Conclusory statements that a conspiracy is afoot are insufficient. *Green v. McLaughlin*, 480 Fed.Appx. 44, 46 (2d Cir.2012). Plaintiff alleges a conspiracy to cover up his treatment by the John Doe Defendants, but fails to provide any facts pointing to Defendants Van Geldon, Billiet, and Crowe's alleged agreement to do so. (*See* Dkt. 1). Plaintiff's conclusory statements that the named Defendants con-

spired to hide his injuries are insufficient to present a cognizable claim. *See, e.g., Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir.2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"). Here, as above, Plaintiff will be provided an opportunity to file an amended complaint. *See Gomez*, 171 F.3d at 796. To satisfy the *Green* standard, Plaintiff must allege specific facts regarding a "meeting of the minds" amongst Defendants Van Geldon, Billiet, and Crowe to deprive Plaintiff of his constitutional rights.

Pursuant to *Gomez* and the foregoing, Plaintiff will be provided an opportunity to file an amended complaint. Plaintiff's amended complaint should include, if appropriate, facts alleging that Defendants Van Geldon and Billiet's filing and endorsement, respectively, of a false report led to discipline without due process, or was in retaliation for exercising a constitutional right. It should also include, if appropriate, facts supporting the allegation that the named Defendants came to an agreement to violate Plaintiff's constitutional rights. Plaintiff is cautioned that only the claims contained in the amended complaint will be considered. Therefore, Plaintiff should include all claims, including those stated above, in the amended complaint. The amended complaint must be filed within 30 days of the entry of this Decision and Order. Failure to file an amended complaint may result in the dismissal of the claims against Defendant Van Geldon, Billiet, and Crowe. Defendants Van Geldon, Billiet, and Crowe will have 30 days to respond after service of the amended pleading, if any.

### B. Plaintiff's Motion to Appoint Counsel

■ Plaintiff has filed two motions to appoint counsel in this case. (Dkt. 17;

20). Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, *see, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23–24 (2d Cir.1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion. *In re Martin–Trigona*, 737 F.2d 1254, 1260 (2d Cir.1984). The court must evaluate "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir.1989). Particular attention must be paid to the merits of the plaintiff's claim. *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986)). Additionally, for prison inmates, the court must also give weight to the plaintiff's lack of practical access to attorneys. *Id.* at 173–74.

▪ Plaintiff was in prison at the time he filed the Complaint, and remains in custody. (*See* Dkt. 2). Plaintiff has already been granted *in forma pauperis* status in this case. (Dkt. 3). In his *in forma pauperis* motion, Plaintiff stated that he was currently incarcerated, had not worked in the past 12 months, and did not have any cash or other assets. (Dkt. 2 at 1-2). A prison official certified that Plaintiff's average account balance for the previous six months was $23.23. (*Id.* at 2). Plaintiff has conclusively shown that he is indigent, and has met the threshold test for appointing counsel.

▪ However, the *Cooper* factors all weigh against appointing counsel at this time. Plaintiff has failed to address whether he has sought an attorney in this action despite his incarceration. As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." *Cooper*, 877 F.2d at 173. In the absence of an affirmative statement by Plaintiff otherwise, the Court assumes that he has not sought an attorney to represent him already. This factor weighs against the appointment of counsel.

The Court also finds that the Plaintiff has failed to show anything more than a remote possibility of success on the merits. Neither Plaintiff nor the State Attorney General's Office has been able to identify the perpetrators of the alleged beating. (*See* Dkt. 1; 4). Plaintiff faces significant substantive hurdles before seeing any recovery, including the requirement that he produce actual evidence of the alleged beating. Plaintiff's ultimate success on the merits is far from certain. This weighs heavily against the appointment of counsel.

Balancing the factors set forth in *Cooper*, the Court finds that appointing counsel is inappropriate at this time.

## III. CONCLUSION

For the foregoing reasons, Defendants Van Geldon, Billiet, and Crowe's motion to dismiss is denied without prejudice, and Plaintiff's motions to appoint counsel are denied without prejudice. Plaintiff is afforded an opportunity to file an amended complaint that includes all of his claims and allegations, and cures the deficiencies identified in this opinion, **within 30 days of the entry of this Decision and Order**. Plaintiff's amended complaint should include, if appropriate, facts advancing his claim that a false disciplinary report led to discipline without due process or was in retaliation for Plaintiff's exercising a constitutional right. It should also include, if appropriate, facts supporting Plaintiff's allegation that the named Defendants came

to an agreement to violate Plaintiff's constitutional rights. Defendants Van Geldon, Billiet, and Crowe will have 30 days to respond after service of the amended complaint. Plaintiff is advised that if he fails to file a timely amended complaint in accordance with the terms of this Decision and Order, his claims are subject to dismissal.

SO ORDERED.

