NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 24, 2019

*Before*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 17-1879 & 17-2077

| | |
|---|---|
| AIMEE HANKINS, | Appeals from the United States District |
|     *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
|     *v.* | No. 4:11-cv-04048-SLD-JEH |
| | |
| TIM LOWE, | Sara L. Darrow, |
|     *Defendant-Appellee*. | *Chief Judge*. |

**O R D E R**

This is the second time that Aimee Hankins, a former parolee, has asked us to review the dismissal of this suit under 42 U.S.C. § 1983 against her parole officer for violating the Eighth Amendment by allegedly prolonging her parole. In the first appeal, we ruled that *if* her parole ended in 2010, which was before she filed this suit, then she could proceed under § 1983, and her suit would not be barred by *Heck v. Humphrey*,

---

[*] We have agreed to decide these consolidated appeals without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

512 U.S. 477 (1994). *See Hankins v. Lowe (Hankins I)*, 786 F.3d 603, 605–06 (7th Cir. 2015). We remanded for the district court to determine when her parole had ended. If she was still on parole when she filed this suit, then *Heck* would bar this suit because habeas-corpus remedies would have been available to her at that time, *see Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963), and her failure to seek a petition for a writ of habeas corpus while on parole would block the § 1983 remedy. *See Burd v. Sessler*, 702 F.3d 429, 435–36 (7th Cir. 2012). On remand, the district court ruled that Hankins was still on parole when she filed this suit. We agree, so *Heck* blocks this suit and we affirm.

Arkansas authorities ordered Hankins's parole. In 2004, a state court in Arkansas initially placed Hankins on probation in lieu of a conviction for second-degree battery. Two years later, when she violated her terms of probation, the state court convicted her and sentenced her to six years in prison. About a year later, she was released on parole. In 2009, Hankins moved to Illinois, and Tim Lowe, a parole agent, began supervising her. To transfer her supervision to Illinois, Arkansas officials prepared paperwork stating that her parole would end in January 2010. But a few months later, these officials discovered that they had misreported her parole-ending date and corrected it for Lowe by writing: "The parole expire date listed on the original transfer was incorrect….The parole sentence does not expire until 05/02/2012." They explained that Hankins's six-year sentence ran from her conviction in May 2006, not from the time she started probation in lieu of conviction in 2004.

About a year before May 2012, Hankins filed this § 1983 suit. After we remanded the first appeal in this case to the district court, it entered summary judgment for Lowe. Among other things, the district court ruled that Agent Lowe had reasonably relied on the representation from Arkansas officials, that the May 2012 parole-discharge date was correct under Arkansas law and that Hankins's case, filed in 2011 while she was still on parole, was *Heck*-barred.

On appeal, Hankins maintains that Lowe, through his deliberate indifference to the actual discharge date of her parole in 2010, unlawfully prolonged her parole to 2012 and thereby violated the Eighth Amendment. But it follows from our ruling in the first appeal that Hankins's case would be barred by *Heck* if she sued under § 1983 while she was still on parole, *see Hankins I*, 786 F.3d at 605–06, because a petition for a writ of habeas corpus would have been her exclusive remedy. *See Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018). Anyone in "custody" may file a habeas petition. *Huber*, 909 F.3d at 207. And parole is a form of custody. *Jones*, 371 U.S. at 241–43; *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Hankins responds that she is now out of custody, so

habeas relief is currently unavailable. But "*Heck* applies where a § 1983 plaintiff *could* have sought collateral relief at an earlier time but … waited until collateral relief became unavailable before suing." *Burd*, 702 F.3d at 436.

Following our remand instructions, the district court assessed the evidence of the end date of Hankins's parole. The evidence established beyond reasonable dispute that her parole ended in 2012, *after* she had sued, so *Heck* bars this suit. Hankins relies on the first document that Arkansas authorities created to request a transfer of her parole to Illinois, which stated that her parole ended in 2010. But the second document from those same Arkansas authorities a few months later retracted that statement and reported that her parole actually ended in May 2012. This retraction correctly applied Arkansas law: Her six-year sentence began to run from the date of conviction in 2006, not the date of probation (in lieu of conviction) in 2004. *See* Ark. Code § 16-93-303(a)(2) (2004); *Cox v. State*, 229 S.W.3d 883, 886 (2006). Hankins offers no opposing authority. To the contrary, she admits that she was still on parole in 2012. Therefore, habeas was her exclusive remedy when she sued, *Huber*, 909 F.3d at 207—so *Heck* bars this suit.

AFFIRMED