[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13067

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

CHRISTOPHER MICHAEL CARR,
SAMUEL SCOTT OLENS,
PATRICIA BETH ATTAWAY BURTON,
JOSEPH DROLET,
TINA M. PIPER, et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01679-WMR

————————————

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and
BRANCH, Circuit Judges.

PER CURIAM:

Waseem Daker, a state prisoner, appeals *pro se* the *sua sponte* dismissal of his complaint against the Attorney General for the State of Georgia, staff attorneys, the State of Georgia, and the Georgia Department of Law. The district court dismissed Daker's complaint for failure to state a claim. 28 U.S.C. § 1915A(b)(1). We affirm.

Daker complained that state entities and officials violated his rights to access the courts and to due process under the First and Fourteenth Amendments. 42 U.S.C. § 1983. Daker alleged that officials submitted proposed orders to state courts without serving him with a copy and that the officials' conduct resulted in their motions being granted, his motions being denied, or his cases being dismissed. Daker sought equitable relief and money damages.

Over Daker's objections, the district court adopted a magistrate judge's recommendation to dismiss the complaint. 28 U.S.C. § 1915A(b)(1). The district court ruled that the officials were

entitled to absolute immunity, that the State and its department were not persons subject to suit under section 1983, and that Daker failed to state a claim for monetary damages because his allegations "that he would have prevailed in his state court actions but for the [officials'] failure to serve him with their proposed orders . . . [were] entirely conclusory." The district court also ruled that Daker failed to state a claim for equitable relief. The district court explained that Daker had the remedy of appeal if the "proposed orders signed by the state court were entered in error," but in the absence of such error, Daker suffered no injury and "lack[ed] standing to claim equitable relief."

Daker has abandoned any challenge that he could have made to the dismissal of his claims against the State and the Department and of his claim against state officials for money damages. Arguments not raised on appeal are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). And Daker does not dispute that the state entities were not persons subject to suit, *see GeorgiaCarry.Org, Inc. v. Ga.*, 687 F.3d 1244, 1254 (11th Cir. 2012), or that the officials enjoyed absolute immunity from suit for money damages, *see Hart v. Hodges*, 587 F.3d 1288, 1295–96 (11th Cir. 2009).

The district court did not err by dismissing Daker's claims against the officials for equitable relief. To establish standing, Daker had to satisfy three requirements: an injury in fact, causation, and redressability. *Elend v. Basham*, 471 F.3d 1199, 1206 (11th Cir. 2006). "[F]or an injury to suffice for prospective relief," Daker

4                    Opinion of the Court                  20-13067

had to allege that he faced "a real and immediate threat of future harm." *Id.* at 1207. But Daker described past conduct by officials. His "past exposure to [alleged] illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)) (alterations adopted and ellipses omitted).

The district court did not abuse its discretion when it *sua sponte* dismissed Daker's complaint without giving him leave to amend his pleading. "A party may amend [his] pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a); *see Brown v. Johnson*, 387 F.3d 1344, 1348–49 (11th Cir. 2004). But a district court need not give a *pro se* plaintiff an opportunity to amend his complaint when amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). Daker's "allegations of *possible* future injury [were] not sufficient" to establish an injury in fact for purposes of standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted and alteration adopted). He assumed that state courts would grant relief that state officials might request in proposed orders, but "it is just not possible for a litigant to prove in advance that the judicial system will lead to any particular result in his case." *Id.* at 413–14 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 159–60 (1990)). Without an allegation that an "injury is *certainly* impending," Daker's "alleged injury is . . . too speculative [to establish standing] for Article III purposes." *Id.* at

20-13067            Opinion of the Court                    5

409. Daker was not entitled to leave to amend his complaint because the district court could "rule out any possibility that an amended complaint would succeed in stating a claim." *Brown*, 387 F.3d at 1348 (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).

We **AFFIRM** the dismissal of Daker's complaint.